UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRIS PRUITT,<br>JUAN MEDINA CORTEZ,<br>AXL HUFFMAN, and<br>ASHTON WILSON,<br>on behalf of themselves<br>and others similarly-situated | )<br>)<br>)<br>)<br>)<br>) |
| | ) COLLECTIVE ACTION |
| **Plaintiffs**<br>v. | )<br>) CAUSE NO: 1:18-cv-0329<br>) |
| CWI HOLDINGS, INC., d/b/a<br>BUILDERS INSULATION | )<br>)<br>) |
| **Defendant** | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I.  Nature of the Case.

Plaintiffs, Chris Pruitt ("Pruitt"), Juan Medina Cortez ("Cortez"), Axl Huffman ("Huffman"), and Ashton Wilson ("Wilson")(collectively "Named Plaintiffs"), on behalf of themselves and others similarly-situated, bring this collective action against Defendant, CWI Holdings, Inc., doing business as Builders Insulation ("Defendant") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and § 251 *et seq*.

### II.  Parties.

1. Pruitt, at all times relevant to this action, has resided and/or worked within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

2. Pruitt, a former employee, seeks to represent Insulation Installers for claims of unpaid overtime wages under the Fair Labor Standards Act.

3. Cortez, at all times relevant to this action, has resided and/or worked within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

4. Cortez, a former employee, seeks to represent Installation Installers for claims of unpaid overtime wages under the Fair Labor Standards Act.

5. Huffman, at all times relevant to this action, has resided and/or worked within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

6. Huffman, a former employee, seeks to represent Installation Installers for claims of unpaid overtime wages under the Fair Labor Standards Act.

7. Wilson, at all times relevant to this action, has resided and/or worked within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

8. Wilson, a current employee, seeks to represent Installation Installers for claims of unpaid overtime wages under the Fair Labor Standards Act.

9. Defendant is a domestic limited liability company that maintains offices and conducts business within the Southern District of Indiana, Indianapolis Division.

### III. Jurisdiction.

10. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Named Plaintiffs are non-exempt former and current employees of Defendant who have worked as Insulation Installers and were/are "employees" within the meaning of 29 U.S.C. § 203(e).

12. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

13. Named Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated Insulation Installers who have been employed by Defendant during the applicable statutory period.  [See Consent Forms, attached as Exhibit A].

14. Venue is proper in this Court.

### IV.  Factual Allegations

15. Pruitt worked for Defendant as an Insulation Installer from in or around April of 2016 until in or around December of 2017.

16. Cortez worked for Defendant as an Insulation Installer from in or around December of 2012 until in or around October of 2016.

17. Huffman worked for Defendant as an Insulation Installer from in or around October of 2016 until in or around April of 2017.

18. Wilson has worked for Defendant as an Insulation Installer from in or around March of 2017 until the present.

19. Named Plaintiffs held and/or hold the hourly non-exempt position of Insulation Installer.

20. Defendant has paid and continues to pay all of its Insulation Installers as hourly non-exempt employees on a piece-rate basis.

21. However, Defendant has not paid Named Plaintiffs and its other Insulation Installers compensation at overtime rates for all hours worked beyond 40 hours per week.

22. Before traveling to worksites, Named Plaintiffs were required to report to Defendant's location to pick up work orders, equipment, and supplies before proceeding to their worksites.

23. Named Plaintiffs and other Insulation Installers routinely and regularly drove company vehicles to transport the equipment and supplies to worksites.

24. Defendant has not compensated Named Plaintiffs and other Insulation Installers for all travel time between Defendant's location and the worksites.

25. The travel time of Named Plaintiffs and other Insulation Installers was an integral and indispensable part of the principal activities for which they were hired by Defendant to perform, constituted work performed for Defendant, and served as a measurable benefit to Defendant.

26. Named Plaintiffs and other Insulation Installers have regularly and routinely worked more than 40 hours per week performing work on Defendant's behalf.

27. Defendant was aware and/or should have been aware that Named Plaintiffs and other Insulation Installers have regularly and routinely worked more than 40 hours per week performing work on Defendant's behalf.

28. Named Plaintiffs and other Insulation Installers have not received compensation at overtime rates for all hours worked in excess of 40 hours per week.

29. The overtime hours spent by Named Plaintiffs and other Insulation Installers constituted work performed for Defendant and have served a measurable benefit to Defendant.

30. Defendant failed to pay overtime wages to Named Plaintiffs and other Insulation Installers for time spent by them beyond 40 hours per week, resulting in unpaid overtime.

## V. Legal Cause of Action:

### Count I - Fair Labor Standards Act

31. Named Plaintiffs hereby incorporates paragraphs one (1) through thirty (30) of their Complaint as if the same were set forth at length herein.

32. Defendant has failed to compensate Named Plaintiffs for all overtime work and wages.

33. Named Plaintiffs have suffered injury as a result of Defendant's unlawful conduct.

34. Defendant's actions have been intentional, willful, and in reckless disregard of Plaintiffs' rights as protected by the FLSA.

## VII. Requested Relief

WHEREFORE, Named Plaintiffs, by counsel, requests that this Court find for them and:

1. Manage and oversee the class of Insulation Installers who wish to opt into this collective action for overtime wages so as to assure that joinder of these individuals is accomplished in an efficient and proper way, including, but not limited to, ordering Defendant to produce a list of names, addresses, locations of employment, employee numbers, and dates of employment of individuals employed as Insulation Installers at any time during the preceding three (3) years and authorizing Named Plaintiffs to send notices to these individuals to notify them of this action and of their rights;

2. Order Defendant to pay all unpaid wages and benefits and unpaid overtime wages and benefits;

3. Order Defendant to pay liquidated damages;

4. Order Defendant to pay pre-and-post judgment interest;

5. Order Defendant to pay attorneys' fees and costs incurred in litigating this action; and

6. Order Defendant to provide any and all other legal and/or equitable relief that this Court sees fit to grant.

Respectfully submitted,

 s/ *Ryan P. Sink*
Ryan P. Sink

FOX WILLIAMS & SINK, LLC
6177 North College Avenue
Indianapolis, IN 46220

rsink@fwslegal.com
Phone: 317-254-8500

Attorney for Named Plaintiffs

## DEMAND FOR JURY TRIAL

Named Plaintiffs, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

 s/ *Ryan P. Sink*
Ryan P. Sink