UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

---

CHRIS PRUITT,
JUAN MEDINA CORTEZ,
AXL HUFFMAN, and
ASHTON WILSON,
on behalf of themselves
and others similarly-situated,

               Plaintiffs,          Case No. 1:18-cv-0329-TWP-DML

        v.

CWI HOLDINGS, LLC d/b/a
BUILDERS INSULATION of INDIANA,

               Defendant.

---

**AMENDED ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

---

In response to Plaintiffs, Chris Pruitt ("Pruitt"), Juan Medina Cortez ("Cortez"),

Axl Huffman ("Huffman") and Ashton Wilson ("Wilson") (collectively, "Named

Plaintiffs"), CWI Holdings, LLC ("CWI"), states as follows:

1.      Pruitt, at all times relevant to this action, has resided and/or worked within

the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

ANSWER:

CWI lacks knowledge or information as to the meaning of "at all times relevant to

this action" and therefore denies the allegations in paragraph 1.

2.      Pruitt, a former employee, seeks to represent Insulation Installers for

claims of unpaid overtime wages under the Fair Labor Standards Act.

39669440

ANSWER:

CWI admits that Pruitt purports to represent Insulation Installers in claims of unpaid overtime wages under the Fair Labor Standards Act, but denies that Pruitt is an adequate representative and denies the claim has merit. CWI also admits that Pruitt is a former employee. CWI denies the remainder of the allegations in Paragraph 2.

3.      Cortez, at all times relevant to this action, has resided and/or worked within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

ANSWER:

CWI lacks knowledge or information as to the meaning of "at all times relevant to this action" and therefore denies the allegations in paragraph 3.

4.      Cortez, a former employee, seeks to represent Installation Installers for claims of unpaid overtime wages under the Fair Labor Standards Act.

ANSWER:

CWI admits that Cortez purports to represent Insulation Installers in claims of unpaid overtime wages under the Fair Labor Standards Act, but denies that Cortez is an adequate representative and denies the claim has merit. CWI also admits that Cortez is a former employee. CWI denies the remainder of the allegations in Paragraph 4.

5.      Huffman, at all times relevant to this action, has resided and/or worked within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

ANSWER:

CWI lacks knowledge or information as to the meaning of "at all times relevant to this action" and therefore denies the allegations in paragraph 5.

6.      Huffman, a former employee, seeks to represent Installation Installers for claims of unpaid overtime wages under the Fair Labor Standards Act.

ANSWER:

CWI admits that Huffman purports to represent Insulation Installers in claims of unpaid overtime wages under the Fair Labor Standards Act, but denies that Huffman is an adequate representative and denies the claim has merit.  CWI also admits that Huffman is a former employee.  CWI denies the remainder of the allegations in Paragraph 6.

7.      Wilson, at all times relevant to this action, has resided and/or worked within the geographical boundaries of the Southern District of Indiana, Indianapolis Division.

ANSWER:

CWI lacks knowledge or information as to the meaning of "at all times relevant to this action" and therefore denies the allegations in paragraph 7.

8.      Wilson, a current employee, seeks to represent Installation Installers for claims of unpaid overtime wages under the Fair Labor Standards Act.

ANSWER:

CWI admits that Wilson purports to represent Insulation Installers in claims of unpaid overtime wages under the Fair Labor Standards Act, but denies that Wilson is an adequate representative and denies the claim has merit.  CWI also admits that Wilson is a current employee.  CWI denies the remainder of the allegations in Paragraph 8.

9.      Defendant is a domestic limited liability company that maintains offices and conducts business within the Southern District of Indiana, Indianapolis Division.

ANSWER:

CWI admits the allegations in paragraph 9.

10.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

ANSWER:

CWI admits that this Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11.      Named Plaintiffs are non-exempt former and current employees of Defendant who have worked as Insulation Installers and were/are "employees" within the meaning of 29 U.S.C. § 203(e).

ANSWER:

CWI admits the allegations in paragraph 11.

12.      Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

ANSWER:

CWI admits the allegations in paragraph 12.

13.      Named Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated Insulation Installers who have been employed by Defendant during the applicable statutory period.  [See Consent Forms, attached as Exhibit A].

ANSWER:

CWI admits that Named Plaintiffs purport to bring this action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and other similarly situated Insulation Installers who have been employed by Defendant during the applicable statutory period but denies that Named Plaintiffs are adequate representatives or that such action has any merit. CWI denies the remaining allegations in paragraph 13.

14.    Venue is proper in this Court.

ANSWER:

CWI admits the allegations in paragraph 14.

15.    Pruitt worked for Defendant as an Insulation Installer from in or around April of 2016 until in or around December of 2017.

ANSWER:

CWI admits that it employed Pruitt as an Insulation Installer from approximately June 2016 until approximately December of 2017.  CWI denies any remaining allegations in paragraph 15.

16.    Cortez worked for Defendant as an Insulation Installer from in or around December of 2012 until in or around October of 2016.

ANSWER:

CWI admits that it employed Cortez as an Insulation Installer but denies the accuracy of the dates of employment alleged in paragraph 16.  CWI denies any remaining allegations in paragraph 16.

17.    Huffman worked for Defendant as an Insulation Installer from in or around October of 2016 until in or around April of 2017.

ANSWER:

CWI admits that it employed Huffman as an Insulation Installer from approximately July of 2016 until approximately April of 2017.  CWI denies any remaining allegations in paragraph 17.

18.     Wilson has worked for Defendant as an Insulation Installer from in or around March of 2017 until the present.

ANSWER:

CWI admits that it employed Wilson as an Insulation Installer from approximately March 2017 until the present.  CWI denies any remaining allegations in paragraph 18.

19.     Named Plaintiffs held and/or hold the hourly non-exempt position of Insulation Installer.

ANSWER:

CWI admits the allegations in paragraph 19.

20.     Defendant has paid and continues to pay all of its Insulation Installers as hourly non-exempt employees on a piece-rate basis.

ANSWER:

CWI admits that it has paid and continues to pay all of its Insulation Installers as hourly non-exempt employees and admits that most Insulation Installers are paid on a piece-rate basis.  CWI denies the remaining allegations in paragraph 20.

21.     However, Defendant has not paid Named Plaintiffs and its other Insulation Installers compensation at overtime rates for all hours worked beyond 40 hours per week.

ANSWER:

CWI denies the allegations in paragraph 21.

22.     Before traveling to worksites, Named Plaintiffs were required to report to Defendant's location to pick up work orders, equipment, and supplies before proceeding to their worksites.

ANSWER:

CWI admits that Insulation Installers were, as a general matter, required to report to CWI's office before starting the day to pick up work orders, equipment, supplies, and the truck they'd use for the day before proceeding to their worksites.  CWI denies any remaining allegations in paragraph 22.

23.     Named Plaintiffs and other Insulation Installers routinely and regularly drove company vehicles to transport the equipment and supplies to worksites.

ANSWER:

CWI admits that Insulation Installers used company vehicles as part of their job duties to transport equipment and supplies to worksites.  CWI denies any remaining allegations in paragraph 22.

24.     Defendant has not compensated Named Plaintiffs and other Insulation Installers for all travel time between Defendant's location and the worksites.

ANSWER:

CWI denies the allegations in paragraph 24.

25.     The travel time of Named Plaintiffs and other Insulation Installers was an integral and indispensable part of the principal activities for which they were hired by Defendant to perform, constituted work performed for Defendant, and served as a measurable benefit to Defendant.

ANSWER:

CWI states that the allegations in paragraph 25 call for a legal conclusion for which no response is required.  To the extent a response is required, CWI denies the allegations in paragraph 25.

26.     Named Plaintiffs and other Insulation Installers have regularly and routinely worked more than 40 hours per week performing work on Defendant's behalf.

ANSWER:

CWI denies the allegations in paragraph 26.

27.     Defendant was aware and/or should have been aware that Named Plaintiffs and other Insulation Installers have regularly and routinely worked more than 40 hours per week performing work on Defendant's behalf.

ANSWER:

CWI denies the allegations in paragraph 27.

28.     Named Plaintiffs and other Insulation Installers have not received compensation at overtime rates for all hours worked in excess of 40 hours per week.

ANSWER:

CWI denies the allegations in paragraph 28.

29.     The overtime hours spent by Named Plaintiffs and other Insulation Installers constituted work performed for Defendant and have served a measurable benefit to Defendant.

ANSWER:

CWI states that the allegations in paragraph 25 call for a legal conclusion for which no response is required.  To the extent a response is required, CWI denies the allegations in paragraph 29.

30.     Defendant failed to pay overtime wages to Named Plaintiffs and other Insulation Installers for time spent by them beyond 40 hours per week, resulting in unpaid overtime.

ANSWER:

CWI denies the allegations in paragraph 30.

31.     Named Plaintiffs hereby incorporates paragraphs one (1) through thirty (30) of their Complaint as if the same were set forth at length herein.

ANSWER:

CWI repeats and incorporates its responses to the preceding paragraphs as if restated herein.

32.     Defendant has failed to compensate Named Plaintiffs for all overtime work and wages.

ANSWER:

CWI denies the allegations in paragraph 32.

33.     Named Plaintiffs have suffered injury as a result of Defendant's unlawful conduct.

ANSWER:

CWI denies the allegations in paragraph 33.

34.     Defendant's actions have been intentional, willful, and in reckless disregard of Plaintiffs' rights as protected by the FLSA.

ANSWER:

CWI denies the allegations in paragraph 34.

## AFFIRMATIVE DEFENSES

1.     Named Plaintiffs, on behalf of themselves and the putative collective action members, have failed to state a claim upon which relief can be granted for some or all of the claims asserted.

2.     Named Plaintiffs' claims, including those of the putative collective action members, are barred, in whole or in part, by the applicable statute of limitations.

3.     Named Plaintiffs' claims, including those of the putative collective action members, are subject to the two-year statute of limitations in 29 U.S.C. § 255 because the allegedly unlawful behavior was not willful.

4.     All of CWI's acts or omissions with respect to the allegations herein were taken in good faith with a reasonable grounds for believing that its pay policies complied with applicable law.

5.     Named Plaintiffs' claims, including those of the putative collective action members, are barred, in whole or in part, by the doctrines of laches, estoppel and/or waiver.

6.     Collective certification is inappropriate because the members of the alleged collective action do not share a common legal question, Named Plaintiffs' claims, including those of the putative collective action members, are individualized and fact

specific, any damages allegedly suffered are individual, and the putative collective action

members are not numerous enough to warrant collective treatment.

7.      Named Plaintiff's claims, and those of the putative collective action

members, are *de minimis*.

8.      CWI will rely on other and further defenses that become available or

appear during discovery or other proceedings to the full extent permitted by law, and

CWI specifically reserves the right to amend its pleadings to assert any such defenses.


Dated this 29th day of May, 2018.

| | |
|---|---|
| Reinhart Boerner Van Deuren s.c. | /s/ Robert S. Driscoll |
| 22 East Mifflin Street | John H. Zawadsky |
| Madison, WI 53703 | WI State Bar ID No. 1008654 |
| Telephone:  608-258-2202 | jzawadsky@reinhartlaw.com |
| Facsimile:  608-258-2100 | Robert S. Driscoll |
| | WI State Bar ID No. 1071461 |
| | rdriscoll@reinhartlaw.com |
| | Katherine M. O'Malley |
| | WI State Bar ID No. 1086597 |
| | komalley@reinhartlaw.com |
| | |
| | Attorneys for Defendant CWI Holdings, LLC |


## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2018, a copy of the foregoing Amended Answer
to Complaint and Demand for Jury Trial was filed electronically.  Service of this filing
will be made on all ECF-registered counsel by operation of the court's electronic filing
system.  Parties may access this filing through the court's system.

/s/ Robert S. Driscoll